UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEWART MANAGO,<br><br>               Plaintiff,<br><br>       vs.<br><br>K. HOLLAND, et al.,<br><br>               Defendants. | 1:13-cv-01523-AWI-GSA-PC<br><br>ORDER REVOKING PLAINTIFF'S IN FORMA PAUPERIS STATUS UNDER 28 U.S.C. § 1915(g)<br><br>ORDER VACATING ORDER OF OCTOBER 8, 2013<br>(Doc. 6.)<br><br>ORDER DISMISSING ACTION, WITHOUT PREJUDICE TO REFILING WITH SUBMISSION OF $400.00 FILING FEE IN FULL<br>(Doc. 1.)<br><br>ORDER FOR CLERK TO CLOSE CASE |

**I.     BACKGROUND**

Stewart Manago ("Plaintiff") is a state prisoner proceeding pro se with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on September 20, 2013. (Doc. 1.) On September 30, 2013, Plaintiff filed an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. (Doc. 4.) On October 8, 2013, the court granted Plaintiff leave to proceed in forma pauperis. (Doc. 6.)

**II.    THREE-STRIKES PROVISION OF 28 U.S.C. § 1915**

28 U.S.C. § 1915 governs proceedings in forma pauperis. Section 1915(g) provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3

1

or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

**A. Prior Actions**

A review of the actions filed by Plaintiff reveals that Plaintiff is subject to 28 U.S.C. § 1915(g) and is precluded from proceeding in forma pauperis unless Plaintiff was, at the time the complaint was filed, under imminent danger of serious physical injury.[1]

The Court has reviewed Plaintiff's Complaint and finds that Plaintiff does not meet the imminent danger exception. See Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007). The gravamen of Plaintiff's Complaint is that on or about April 5, 2013, he was labeled as a "snitch" as a result of retaliatory acts by defendants for filing a civil action, causing Plaintiff to be at risk of harm by correctional officers and other inmates. Plaintiff requests monetary damages as relief. Plaintiff presented a nearly identical argument in Manago v. Cate, et al., No. 2:13-cv-0081, Doc. 1 (E.D. Cal. 2013). The Court summarized Plaintiff's allegations as follows:

> Plaintiff alleges that his life is presently in danger because defendant prison officials and corrections department officials have shared confidential information about him with general population inmates. He alleges that three attempts have been made on his life. He claims that prison officials intend to wrongly validate him as a member of the BGF (Black Guerilla Family) prison gang, when he is actually a Crip, in order to house him with BGF members and thereby precipitate an institutional security crisis.").

Manago v. Cate, et al., No. 2:13-cv-0081, 2013 WL 1326637 (2013), adopted by 2013 WL 1832775. That court then appropriately decided that Plaintiff had failed to make the requisite showing – that he faced imminent danger of serious physical injury – to overcome the "three strikes" bar of § 1915(g) . Manago v. Cate, et al., No. 2:13-cv-0081, 2013 WL 1326637 (2013),

---

[1]The Court takes judicial notice of the following cases which count as strikes: 1) Manago v.Myers, 3:90-cv-20256-MHP (N.D. Cal.) (dismissed October 9, 1991 for failure to state a claim); 2) Manago v. Marshall, 3:94-cv-01528-MHP (N.D. Cal.) (dismissed March 25, 1998 for failure to state a claim and affirmed on appeal, 10 Fed. Appx. 540 (9th Cir. 2001)); and 3) Manago v. Gulare,1:99-cv-05525-REC-SMS (E.D. Cal.) (dismissed March 17, 2000 for failure to state a claim).

adopted by 2013 WL 1832775. In the following section, this Court will also make the determination that Plaintiff did not face an imminent danger of serious physical injury.

### B. Adequacy of Plaintiff's Present Allegations

In <u>Andrews</u>, the Ninth Circuit adopted the view that "requiring a prisoner to 'allege [ ] an ongoing danger' - the standard adopted by the Eighth Circuit - is the most sensible way to interpret the imminency requirement." <u>Id.</u> at 1056, citing <u>Ashley v. Dilworth</u>, 147 F.3d 715, 717 (8th Cir.2003). <u>Andrews</u> held that the imminent danger faced by the prisoner need not be limited to the time frame of the filing of the complaint, but may be satisfied by alleging a danger that is ongoing. <u>Id</u>. at 1056. Therefore, Plaintiff can satisfy the imminent danger exception by alleging an ongoing threat. Where Plaintiff fails, however, is that he fails to allege facts indicating that the threat he is under is ongoing within the meaning of <u>Andrews</u>, or more than speculative.

The plaintiff in <u>Andrews</u> alleged facts indicating a particular, present, threat to his life. He alleged that he was at risk of contracting HIV and that he had already contracted hepatitis C, because of his exposure to other prisoners who had those contagious diseases due to prison officials' policy of not screening prisoners for such diseases. In contrast, the threat Plaintiff alleges was speculative at the time he commenced this action, based on his fear that he will, at some time in the future, be subject to harm by correctional officers or another inmate. These facts do not support the existence of an imminent danger of serious physical injury. "[T]he availability of the exception turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time." <u>Andrews</u>, 493 F.3d at 1053.

Moreover, Plaintiff's allegations in the Complaint are vague and conclusory, without alleging specific facts indicating he is under imminent danger. Plaintiff alleges that as a result of being labeled a "snitch," he is "under imminent danger of serious physical injury and mental injuries." (Complaint, Doc. 1 at 2 ¶2.) Plaintiff alleges that because he acted as a government informant and reported three corrupt correctional staff for serious violations, resulting in their termination and an arrest, he is at risk of assault for his cooperation. (<u>Id.</u> at 6 ¶18, 18 ¶64, 19 ¶66.) Plaintiff alleges that another inmate told him, "You better back off," which Plaintiff

understood as a threat, and that he has received multiple death threats from inmates who work for members of the Green Wall Prison Gang, a gang of corrupt correctional staff.  (Id. at 15 ¶45, 19 ¶68.)  Plaintiff alleges that defendant Correctional Officer Speth gave a cell phone to another inmate "to contact people on the streets, and let them know what Plaintiff was doing with the Office of Internal Affairs."  (Id. at 16 ¶53.)  Plaintiff alleges that he saw the cell phone, and the inmate told him that he "'called people in the community' and let them know that 'Plaintiff was a government informant,' in order to [endanger] Plaintiff's life upon his release from prison."  (Id. at 17 ¶54, 18 ¶59.)

Plaintiff fails to allege facts sufficient to demonstrate that he was under actual threat of harm.  While Plaintiff alleges that he received multiple death threats, he does not allege specific facts indicating when, where, by whom, what threats were made, how many threats he received, or other facts supporting his claim of imminent danger.  Plaintiff claims there was a conspiracy to have him assaulted or murdered him, but no factual allegations support this.  Plaintiff makes no allegation that he has been physically harmed or that anyone attempted or made preparations to physically harm him.  Further, Plaintiff makes no request for relief from imminent danger and requests only monetary damages.

"[A]ssertions of less obviously injurious practices may be rejected as overly speculative or fanciful."  Andrews, 493 F.3d at 1057 n. 11.  Based on the foregoing, the court finds that Plaintiff fails to allege the imminent danger of serious physical injury necessary to bypass § 1915(g)'s restriction on his filing suit without prepayment of the filing fee.

Accordingly, Plaintiff may not proceed in forma pauperis in this action, and must submit the appropriate filing fee in order to proceed with this action.  Plaintiff's in forma pauperis status shall be revoked, and this action shall be dismissed, without prejudice to refiling with the submission of the $400.00 filing fee in full.

Based on the foregoing, it is HEREBY ORDERED that:

1. Pursuant to 28 U.S.C. § 1915(g), Plaintiff's in forma pauperis status is REVOKED;

2. The court's order entered on October 8, 2013, which granted Plaintiff leave to proceed in forma pauperis, is VACATED;

3. This action is DISMISSED, without prejudice to refiling with the submission of the $400.00 filing fee in full; and

4. The Clerk is directed to CLOSE this case.

IT IS SO ORDERED.

Dated:   January 14, 2015

SENIOR  DISTRICT  JUDGE