UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEWART MANAGO,<br><br>            Plaintiff,<br><br>      vs.<br><br>K. HOLLAND, et al.,<br><br>            Defendants. | 1:13-cv-01523-AWI-GSA-PC<br><br>ORDER DENYING MOTIONS FOR RECONSIDERATION<br>(Docs. 14, 15.) |

**I.      RELEVANT PROCEDURAL HISTORY**

Stewart Manago ("Plaintiff") is a state prisoner proceeding pro se with this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on September 20, 2013. (Doc. 1.) On September 30, 2013, Plaintiff filed motion to proceed in forma pauperis under 28 U.S.C. § 1915. (Doc. 4.) On October 8, 2013, the court issued an order granting Plaintiff leave to proceed in forma pauperis. (Doc. 6.)

On January 14, 2015, the court issued an order revoking Plaintiff's in forma pauperis status pursuant to 28 U.S.C. § 1915(g) and dismissing the case, without prejudice to refiling with the submission of the $400 filing fee. (Doc. 12.) On January 26, 2015 and February 17, 2015, Plaintiff filed motions for reconsideration of the court's order. (Docs. 14, 15.)

## II. MOTIONS FOR RECONSIDERATION

Rule 60(b) allows the Court to relieve a party from an order for "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." Id. (internal quotation marks and citation omitted). In seeking reconsideration of an order, Local Rule 230(k) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted, and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . . " of that which was already considered by the Court in rendering its decision," U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986), affirmed in part and reversed in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

Here, Plaintiff has not set forth facts or law of a strongly convincing nature in his motions for reconsideration to induce the court to reverse its prior decision. Therefore, the motions for reconsideration shall be denied.

## III. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motions for reconsideration, filed on January 26, 2015 and February 17, 2015 are DENIED; and

2. No further motions for reconsideration shall be considered in this case.

IT IS SO ORDERED.

Dated: February 23, 2015

_____
SENIOR DISTRICT JUDGE