UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEWART MANAGO,<br><br>            Plaintiff,<br><br>     vs.<br><br>K. HOLLAND, et al.,<br><br>            Defendants. | 1:13-cv-01523-AWI-GSA-PC<br><br>ORDER DENYING MOTION FOR RECONSIDERATION<br>(Doc. 19.) |

**I.      RELEVANT PROCEDURAL HISTORY**

Stewart Manago ("Plaintiff") is a state prisoner proceeding pro se with this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on September 20, 2013. (Doc. 1.) On September 30, 2013, Plaintiff filed motion to proceed in forma pauperis under 28 U.S.C. § 1915. (Doc. 4.) On October 8, 2013, the court issued an order granting Plaintiff leave to proceed in forma pauperis. (Doc. 6.)

On January 14, 2015, the court issued an order revoking Plaintiff's in forma pauperis status pursuant to 28 U.S.C. § 1915(g) and dismissing the case, without prejudice to refiling with the submission of the $400 filing fee. (Doc. 12.)

On March 26, 2015, Plaintiff filed a motion to stop prison officials from collecting funds for payment of the filing fee for this action, and requested a refund of the partial filing fee paid. (Doc. 18.) On March 31, 2015, the court issued an order granting the motion in part. (Doc. 18.) The court's order denied Plaintiff's request for a refund, and granted Plaintiff's motion to stop collections from his prison account, vacating the order directing prison officials to collect funds from Plaintiff's trust account for payment of the filing fee for this action. (Id.)

On April 13, 2015, Plaintiff filed a motion for reconsideration of the court's March 31, 2015 order. (Doc. 19.)

**II.    MOTION FOR RECONSIDERATION**

Rule 60(b) allows the Court to relieve a party from an order for "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." Id. (internal quotation marks and citation omitted). In seeking reconsideration of an order, Local Rule 230(k) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted, and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . . " of that which was already

considered by the Court in rendering its decision," U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).  To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.  See Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986), affirmed in part and reversed in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

Plaintiff asserts that on March 25, 2015, the inmate trust office removed another $10.00 from his prison account for payment of the filing fee for this case.  Plaintiff seeks a refund of the entire $70.00 that he asserts was deducted from his account.  Plaintiff argues that the court already knew the nature of his complaint by October 8, 2013, when it ordered the prison to deduct funds for the filing fee.   Plaintiff argues that if he refiles this case with payment of the $400.00 filing fee, he will have overpaid the fee.

Plaintiff also makes arguments that the case should not have been dismissed on January 14, 2015, because his life was in danger when he filed the complaint.

**Discussion**

The court's order of February 24, 2015, informed Plaintiff that "no further motions for reconsideration [of the court's order of January 14, 2015 revoking Plaintiff's in forma pauperis status and dismissing the case] shall be considered in this case."  (Doc. 16 at ¶III.2.)  Therefore, the court shall disregard Plaintiff's arguments in the present motion that his in forma pauperis status should not have been revoked and the case should not have been dismissed.

Plaintiff has not set forth facts or law of a strongly convincing nature in his motion for reconsideration to induce the court to reverse its prior decision in the March 31, 2015 order.  Plaintiff has not submitted evidence, other than his own assertion, that funds were deducted from his prison account on March 25, 2015 for payment of the filing fee in this case.  Moreover, the court record shows no payment received by the court for this case after November 17, 2014. (Court Financial Record.)  Therefore, the motion for reconsideration shall be denied.

///

///

### III. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for reconsideration, filed on January 26, 2015, is DENIED; and

2. No further motions for reconsideration shall be considered in this case.

IT IS SO ORDERED.

Dated:   **April 16, 2015**                    **/s/ Gary S. Austin**
                                               UNITED STATES MAGISTRATE JUDGE